**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**GFI AMERICA, INC., and FEDERAL BEEF PROCESSORS, INC.,**

Civil No. 01-798 (PAM/JGL)

Plaintiffs,

v.

**REPORT AND RECOMMENDATION**

**MARSHALL CHERNIN, ADAM CHERNIN, JAMES MITCHELL, and CENTRAL BEEF,**

Defendants.

---

APPEARANCES

Joseph W. Anthony, Esq., for Plaintiffs.

Geoffrey P. Jarpe, Esq., for Defendants.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on May 17, 2001 on Plaintiffs' Expedited Motion for Order Allowing Payment into Court and for an Expedited Trial (Doc. No. 10). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

MAY 2 2 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. INTRODUCTION

Plaintiffs GFI America, Inc. ("GFI") and Federal Beef Processors, Inc. ("Federal Beef") are in the business of buying, processing, and reselling beef throughout the United States. Federal Beef is a wholly-owned subsidiary of GFI. From 1988 to 1998, Defendant Marshall Chernin was employed as Federal Beef's General Manager, and held ten percent of GFI's common stock. In 1998, he ended his relationship with Plaintiffs and purchased Defendant Central Beef, which directly competes with GFI and Federal Beef in the beef industry. Currently, Marshall Chernin is the "Managing Member" of Central Beef.

When Marshall Chernin left GFI, GFI agreed to repurchase his stock for approximately $1,400,000.00, and the parties executed a promissory note to that effect. GFI has fulfilled its payment obligations under the promissory note through March 2001. However, Plaintiffs assert that when they learned of certain, alleged tortious and unlawful conduct committed by Marshall Chernin, they withheld the payment due on April 1, 2001. Plaintiffs allege that Marshall Chernin caused them in excess of $5,000,000.00 in damages by his conduct both during and after he left Plaintiffs' employ. Plaintiffs accuse Marshall Chernin generally of mismanaging GFI and Federal Beef for his own personal benefit and to Plaintiffs' detriment, of illegal and unfair competition, and of fraudulent and self-dealing activity.

When Plaintiffs failed to make the April payment, Marshall Chernin's lawyer sent GFI a notice of default. Defendants relate that the promissory note specifically provides that Plaintiffs may not set off any amounts from the payments due to Marshall Chernin unless and until they obtain a final, non-appealable judgment against Mr. Chernin. Defendants claim that Plaintiffs are now attempting to do precisely what is prohibited by the terms of the note: to evade payment obligations by claiming a set-off that has not been reduced to a final judgment.

On May 9, 2001, after hearing Plaintiff's expedited motion to deposit funds with the court, this Court ordered the April 1, 2001 payment deposited into Defendants' counsel's client trust account pending further order of this Court. This Court also ordered the parties to fully brief the issue and to appear for oral argument on May 17, 2001.

Plaintiffs now ask for leave pursuant to Federal Rule of Civil Procedure 67 to make the remaining note payments, including the April 1, 2001 payment, into the court registry or defense counsel's trust account, pending resolution of GFI's claim against Marshall Chernin. Plaintiffs point to Mr. Chernin's alleged conduct, his prior guilty plea for embezzlement, and his alleged practice of placing assets in others' names as grounds for not issuing the note payments directly to Mr. Chernin.

## II. DISCUSSION

Federal Rule of Civil Procedure 67 permits a party to deposit money with a court in limited circumstances:

> In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing, whether or not that party claims all or any part of the sum or thing. The party making the deposit shall serve the order permitting deposit on the clerk of the court. . . . The fund shall be deposited in an interest-bearing account or invested in an interest-bearing instrument approved by the court.

(Emphasis added.)

The Court finds Rule 67 inapplicable to the present motion. Rule 67 allows a party to deposit a sum into court when the action includes a dispute with respect to that sum. See Fed. R. Civ. P. 67; Baxter v. United Forest Prod. Co., 406 F.2d 1120, 1126 (8th Cir. 1969); Dinkins v. Gen. Aniline & Film Corp., 214 F. Supp. 281, 283 (S.D.N.Y. 1963). In Baxter, the plaintiff sought to deposit money due under a contract into court, but did not challenge the contract itself. The Eighth Circuit chastised the plaintiff for "want[ing] its bargain and its money too . . . . Rule 67 was not intended for such a one-sided before-judgment consequence." Baxter, 406 F.2d at 1126. Here, Plaintiffs do not claim in their lawsuit that the promissory note is invalid or that Marshall Chernin's alleged conduct caused the payment not to be due on April 1, 2001.

Plaintiffs do not challenge the amount of the payment, nor do they seek to recover previous payments. Thus, Rule 67 does not apply in this case because Plaintiffs are not asking to deposit a sum of money for which judgment is sought.[1]

Plaintiffs argue that the amendment of Rule 67 in 1983 abrogated Baxter. The Court disagrees. The advisory committee explained that the rule was amended in response to cases in which courts permitted deposit only when the depositor claimed no interest in the sum. See Fed. R. Civ. P. 67 advisory committee's note (1983); Gulf States Util. Co. v. Ala. Power Co., 824 F.2d 1465, 1474 (5th Cir. 1987) (finding the purpose of the amendment was to merely clarify that the depositor may have an interest in the deposited funds). The facts and holding of Baxter did not pertain to this issue. Moreover, court decisions subsequent to the 1983 amendment are in accord with Baxter. See, e.g., Gulf States, 824 F.2d at 1474 (citing Baxter); John v. Sotheby's, Inc., 141 F.R.D. 29, 34 (S.D.N.Y. 1992) (citing Baxter); Mfr. Hanover Overseas Capital Corp v. Southwire Co., 589 F. Supp. 214, 221 (S.D.N.Y. 1984).

Plaintiffs also argue that if they are required to pay Marshall Chernin, they lose a right to offset their damages, which is a right guaranteed

---

[1] Plaintiff's Complaint alleges the following counts: commercial bribery, interference with employment relationships, interference with business relationships, theft of business opportunity, RICO violations, wire fraud, mail fraud, and breach of fiduciary duty.

by the contract. First, according to the contract, the right to offset does not ripen until final judgment, which is a phase of litigation far from the present procedural posture of this case. Second, Plaintiffs fail to adequately explain how an unripened contractual right brings them within the parameters of Rule 67. Thus, the Court finds this argument unavailing.

Plaintiffs readily admit they have "serious concerns as to whether GFI would be able to collect a judgment against [Marshall] Chernin." (Pl. Mem. at 5; Goldberger Aff. ¶ 21.) It is clear to the Court that this concern is the impetus for the current motion. However, even if this concern is valid, Rule 67 does not provide the means through which the concern may be abated. Rule 67 "is not intended as an 'equitable' alternative to the applicability of state law under Rule 64," which provides for prejudgment attachment of property in accordance with state law. Baxter, 406 F.2d at 1126. The Court expresses no opinion about Defendants' suggestion that Plaintiffs are essentially seeking to attach Marshall Chernin's assets pending the outcome of their case without satisfying the requirements for prejudgment attachment under Minn. Stat. 570.02, subd. 1, and Federal Rule of Civil Procedure 64. However, this Report and Recommendation does not preclude Plaintiffs from choosing to pursue this avenue of relief.

For all of the above reasons, the Court recommends that Plaintiffs' motion to deposit funds into court be denied. Because Plaintiffs timely moved

for leave to deposit the payment with the Court and for a temporary restraining order, however, Marshall Chernin should not be permitted to exercise creditor remedies, including acceleration of the debt. In addition, Plaintiffs should renew their request for an expedited trial at the Rule 16 scheduling conference on June 18, 2001.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED**:

(1) Plaintiffs' Expedited Motion for Order Allowing Payment into Court and for an Expedited Trial (Doc. No. 10) should be **DENIED**, and the payment should be released to Marshall Chernin immediately;

(2) Marshall Chernin should not be permitted to exercise creditor remedies, including acceleration of the debt; and

(3) Plaintiffs should renew their request for an expedited trial at the Rule 16 scheduling conference on June 18, 2001.

Dated: May 22, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

Pursuant to D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by June 11, 2001, with a copy of written objections which specifically identify the portions of the Report or Recommendation to which objection is being made, the basis for the objection(s), and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages.