UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GFI America, Inc., and
Federal Beef Processors, Inc.,

Civil File No. ~~00-1459~~ 01-798 (PAM/JGL)

Plaintiffs,

v.

**ORDER**

Marshal Chernin, Adam
Chernin, James Mitchell, and
Central Beef,

Defendants.

---

This matter is before the Court on the Report and Recommendation of Magistrate Judge Jonathan G. Lebedoff dated May 22, 2001. The Report and Recommendation recommends that the Court deny Plaintiffs' Motion for Order Allowing Payment into Court and for an Expedited Trial. Plaintiffs filed timely Objections to the Report and Recommendation, and Defendants responded to those objections.

Although Magistrate Judge Lebedoff submitted a Report and Recommendation to the Court, he was empowered under 28 U.S.C. § 636(b)(1)(A) to enter a order on this pretrial, nondispositive matter. Thus, the Court will entertain Plaintiffs' Objections as if Plaintiffs had appealed an order entered by the Magistrate Judge, and will review that order under the clearly erroneous standard of Rule 72(a), rather than the de novo standard of Rule 72(b).[1] See

---

[1] Plaintiffs concede that the clearly erroneous standard is the applicable standard. See Pls.' Objections at 1 (Report and Recommendation is "clearly erroneous and contrary to law").

FILED JUN 14 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. As a practical matter, however, even if the Court engaged in de novo review of Magistrate Judge Lebedoff's analysis and conclusions, the result would be the same. Based on a review of the record and the submissions of the parties, the Court concludes that the Magistrate Judge's Report and Recommendation is correct, and Plaintiffs' Motion should be denied.

Defendant Marshall Chernin is a former employee of Plaintiff GFI America ("GFI"). When Chernin left the employ of GFI, GFI agreed to repurchase GFI stock from him. Plaintiffs have paid Chernin part of what they owe him, but have refused to make any payments since April 2001. According to Plaintiffs, they are justified in refusing to make further payments to Chernin, because they discovered that he engaged in tortious and unlawful conduct both while employed by GFI and afterward. Plaintiffs instituted this lawsuit seeking damages for Chernin's alleged wrongful acts. The Court entered a temporary restraining order on May 9, 2001, requiring Plaintiffs to pay the April 2001 payment into Defendants' counsel's client trust account. Plaintiffs now seek to pay all future payments into the Court or into the trust account pursuant to Fed. R. Civ. P. 67.

Plaintiffs contend that Magistrate Judge Lebedoff erred in concluding that Rule 67 was inapplicable to the instant dispute. Specifically, Plaintiffs assert that Judge Lebedoff relied in error on a case, Baxter v. United Forest Prods. Co., 406 F.2d 1120 (8th Cir. 1969), that was overruled by the 1983 amendments to Rule 67. However, as noted by Judge Lebedoff, the amendments to Rule 67 did not affect the pertinent holding of Baxter, which is that Rule 67

applies only when there is a dispute as to the money to be deposited. Baxter, 406 F.2d at 1126. Plaintiffs here do not dispute the amount owed to Chernin, or that it is in fact owed to him. Plaintiffs instead seek to retain money that is owed to Chernin as a sort of advance payment for damages they allege they can prove in this lawsuit.

Judge Lebedoff is correct that Rule 67 does not apply in this situation. Baxter is still good law in this Circuit, and Plaintiffs' Motion must be denied. If Plaintiffs wish to sequester the money owed to Chernin, they must comply with Minnesota's requirements for prejudgment attachment of property. Minn. Stat. § 570.02, subd. 1; Fed. R. Civ. P. 64. They may not circumvent those requirements through Rule 67.

As the statute requires, the Court has reviewed the record regarding Magistrate Judge Lebedoff's Report and Recommendation. See 28 U.S.C. § 636(b)(1); Local Rule 72.1(c). Based on that review and all the arguments of the parties, the Court **ADOPTS** the Report and Recommendation.

Accordingly, based upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Order Allowing Payment into Court and for an Expedited Trial (Clerk Doc. No. 10) is **DENIED**;
2. Defendant Marshall Chernin is not permitted to exercise creditor remedies, including acceleration of the debt; and

3. Plaintiffs may renew their request for an expedited trial at the Rule 16 scheduling conference on June 18, 2001.

Dated: June 14, 2001

Paul A. Magnuson
United States District Court Judge