UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

GFI America and Federal Beef Processors, Inc.,

Plaintiffs

vs.

Marshall Chernin, Adam Chernin, James Mitchell and Central Beef,

Defendants

Court File No. 01-798 PAM/JGL

**STIPULATED PROTECTIVE ORDER**

The parties, through their counsel, agree to the following:

1. The parties shall permit the inspection by another party and/or their attorneys of certain documents and things which contain or comprise confidential business information and/or trade secret information in accordance with the provisions of this Stipulated Protective Order. As used herein, the term "attorneys" means counsel of record and their office associates, legal assistants and stenographic and clerical employees.

2. A party (the "Designating Party") may designate any document, thing or information that is entitled to confidential treatment pursuant to Fed. R. Civ. P. 26(c)(7) hereafter produced by stamping or otherwise applying the words "CONFIDENTIAL" prominently displayed, on the document, thing or information. Documents, things and information designated as CONFIDENTIAL are referred to collectively hereafter as "CONFIDENTIAL INFORMATION."

3. Documents, things and information may be designated CONFIDENTIAL INFORMATION only if, in good faith, the producing party, in consultation with his or its

FILED 12-5-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

counsel, deems the subject material to be proprietary information, non-public financial data, or non-public business, personal or personnel information.

4. With respect to any documents or things designated CONFIDENTIAL, access shall be limited to:

(a) the Court and its officers;

(b) the attorneys for the parties (including their office associates, legal assistants and stenographic and clerical employees);

(c) the parties;

(d) outside independent persons (i.e., persons not an employee of, former employee of, consultant for, or otherwise associated with any party) retained by a party or its attorneys to furnish technical or expert services and/or give testimony with respect to the subject matter thereof for trial of this action; and

(e) any person(s) identified on the face of a document as having originated the document or having received the document or a copy thereof.

Each outside independent person designated to receive CONFIDENTIAL INFORMATION shall execute a "WRITTEN ASSURANCE" in the form attached hereto as Exhibit A.

5. All depositions or portions thereof taken in this matter may be designated CONFIDENTIAL. If so designated, the depositions or portions thereof shall be sealed and all persons shall be prohibited from seeing, hearing or disclosing the testimony so designated except as specifically allowed under Paragraphs 4 and 5. Designation of deposition transcripts as partially or wholly CONFIDENTIAL shall be made either on the record or by the written notice to the opposing party within thirty (30) days of receipt of transcript.

6. Any document or thing designated CONFIDENTIAL (as well as the material and/or data contained therein) shall be used solely for the purpose of this litigation, and no party or its attorneys shall in any manner, directly or indirectly, transfer or disclose any opposing party's documents, including originals and copies, designated as CONFIDENTIAL or communicate orally or in writing any of the information contained in those documents to any person other than those specified in Paragraphs 4 and 5 above.

7. The deposition of any witness (or any segment thereof) which contains information designated CONFIDENTIAL will be taken only in the presence of the parties, attorneys for the parties, the Court or stenographic reporter, and persons who have signed a WRITTEN ASSURANCE or are qualified to have access to CONFIDENTIAL INFORMATION in accordance with Paragraphs 4 through 6 herein.

8. In the event that a party or its attorney(s) wishes to use any CONFIDENTIAL INFORMATION in any pleading or document submitted to the Court in this action, the pleading or documents containing such CONFIDENTIAL INFORMATION shall, until such time as the Court orders otherwise, be used and filed under seal, and marked with the following legend:

**CONFIDENTIAL - FILED UNDER SEAL**

> The material herein is filed under seal and shall not be opened or disclosed except by the Court or by Order of the Court.

9. If a party intends to present any testimony or exhibits or use or refer to other materials or information marked CONFIDENTIAL at trial or hearing, the party shall so notify opposing counsel and the Court before the hearing or trial.

10. Nothing herein shall be construed to be an admission of relevance that may affect in any way the admissibility of any documents, testimony or other evidence. The receipt and

acceptance of a document, thing or information designated as CONFIDENTIAL shall not be an admission that the document, thing or information is, in fact, CONFIDENTIAL INFORMATION.

11. Inadvertent or unintentional production of any document, thing or information, including deposition testimony, which does not contain a designation of CONFIDENTIAL, regardless of whether the document, thing or information is so designated at the time of disclosure, will not be deemed a waiver in whole or in part of a party's prior or subsequent claim of confidentiality.

12. Any party herein may request a change in the designation of any document, thing or information designated as CONFIDENTIAL. If a party to whom such document, thing or information is produced (the Receiving Party), believes in good faith that any document, thing or information is improperly designated as CONFIDENTIAL, the Receiving Party may, within 60 days after receiving such document, thing or information, notify the Designating Party of all documents, things or information which is believed to be improperly designated as CONFIDENTIAL. Within ten (10) days of receipt of such notice, the parties shall confer and attempt to resolve all disputes as to the designation at issue. Within twenty (20) days of receipt of such notice, the Designating Party shall, by motion or otherwise, apply to the Court to determine whether the document, thing and/or information is properly designated and shall submit a letter brief explaining the grounds for the designation. Within seven (7) working days thereafter, the Receiving Party shall have the right to respond with a letter brief addressing the disputed designation(s). The matter may be resolved by hearing or, if the Court is available, by telephone conference. The Designating Party shall bear the burden of demonstrating that the information is properly classified as CONFIDENTIAL and is properly the subject of this

Protective Order. Until such time as the Court orders that the document, thing or information be reclassified, the document, thing or information shall be deemed to be CONFIDENTIAL.

13. The provisions of this Stipulated Protective Order shall also apply to answers to interrogatories which are designated as containing or comprising CONFIDENTIAL INFORMATION.

14. An entity which is not a party to this litigation may supply confidential business information and/or trade secret information to any party in accordance with the provisions of this Stipulated Protective Order. Such confidential business information and/or trade secret information which has been designated as CONFIDENTIAL by a nonparty and supplied to the parties pursuant to this Stipulated Protective Order shall be protected by the parties in the same manner and to the same extent as information designated CONFIDENTIAL.

15. Any party for good cause shown may apply to the Court for a modification of this Stipulated Protective Order.

16. A party has the right to seek any appropriate remedies and/or sanctions from the Court for any violations of this Order.

17. This Order shall survive any settlement, judgment or other disposition or conclusion of this action and all appeals therefrom and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order. Not more than forty-five (45) days after the final termination of this action, or the filing of judgment, or settlement, etc., including the expiration of any time for appeal:

(a) The Clerk of the Court shall return to the party that filed them, all documents sealed pursuant to this Order;

(b) Counsel for each party, and each party, person or entity who obtained CONFIDENTIAL INFORMATION subject to this Order, shall assemble

and return to the producing party all CONFIDENTIAL INFORMATION in its possession or subject to its control, except that such material constituting the work product of counsel shall be immediately destroyed or, in the alternative, maintained by such counsel in the possession subject to this Order.

(c) Subject to the terms of this Order, the parties and their counsel may return copies of briefs and other papers filed with the Court which contain or constitute such CONFIDENTIAL INFORMATION. Any such briefs or other papers shall continue to be treated pursuant to the terms of the Order.

18. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents or information obtained by such party or witness independently of the discovery proceedings in the above-captioned litigation.

ANTHONY OSTLUND & BAER, P.A.

Dated: November 26, 2001

By: [signature]
Joseph W. Anthony (#2872)
Mark D. Wisser (#217736)
3600 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 349-6969

**Attorneys for Plaintiffs**

SKOLNICK & ASSOCIATES, P.A.

Dated: November ____, 2001

By:____________________________
William R. Skolnick (#137182)
Michael R. Schecter (#240710)
510 Marquette Avenue South, Suite 200
Minneapolis, MN 55402
(612) 677-7600

**Attorneys for Defendants Adam Chernin, James Mitchell and Central Beef**

and return to the producing party all CONFIDENTIAL INFORMATION in its possession or subject to its control, except that such material constituting the work product of counsel shall be immediately destroyed or, in the alternative, maintained by such counsel in the possession subject to this Order.

(c) Subject to the terms of this Order, the parties and their counsel may return copies of briefs and other papers filed with the Court which contain or constitute such CONFIDENTIAL INFORMATION. Any such briefs or other papers shall continue to be treated pursuant to the terms of the Order.

18. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents or information obtained by such party or witness independently of the discovery proceedings in the above-captioned litigation.

ANTHONY OSTLUND & BAER, P.A.

Dated: November 26, 2001

By: ______________________
Joseph W. Anthony (#2872)
Mark D. Wisser (#217736)
3600 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 349-6969

**Attorneys for Plaintiffs**

SKOLNICK & ASSOCIATES, P.A.

Dated: November 28, 2001

By: ______________________
William R. Skolnick (#137182)
Michael R. Schecter (#240710)
510 Marquette Avenue South, Suite 200
Minneapolis, MN 55402
(612) 677-7600

**Attorneys for Defendants Adam Chernin, James Mitchell and Central Beef**

Dated: November 28, 2001

MASLON EDELMAN BORMAN & BRAND, LLP

By: [signature]

Geoffrey P. Jarpe (#49761)
R. Christopher Sur (#251586)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 672-8200

**Attorneys for Marshall Chernin**

**IT IS SO ORDERED.**

Date: Dec. 5, 2001

[signature]

Jonathan G. Lebedoff
United States Magistrate Judge

# EXHIBIT A

## WRITTEN ASSURANCE

______________________________________________ declares that:

I reside at ______________________________________________________________ in the city of _____________________, county of ____________________, state of __________________;

I am currently employed by ____________________________________________ located at ______________________________________________________________ and my current job title is _______________________________________.

I have read and understand the terms of the Stipulated Protective Order dated _________________________ and of record in Court File No. 01-798 PAM/JGL pending in the United States District Court for the District of Minnesota.

I agree to comply with and be bound by the provisions of said Stipulated Protective Order and to be subject to the jurisdiction of the United States District Court for the District of Minnesota, for purposes of enforcing the terms thereof.

I will not divulge to persons other than those specifically authorized by said Stipulated Protective Order, and will not copy or use, except solely for the purposes of that Civil Action and pursuant to the terms of the Order, any documents or things, or copies thereof, designated CONFIDENTIAL obtained pursuant to said Stipulated Protective Order.

I submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing, modifying or seeking other relief under the Protective Order.

During the pendency and after final termination of this legal action, I will hold in confidence and not disclose any information designated as confidential to anyone not qualified under said Stipulated Protective Order.

As soon as practical, but no later than thirty (30) days after final termination of this legal action, I will destroy or, if requested, return to trial counsel, from whom I have received same, all documents and things, or copies thereof, containing CONFIDENTIAL INFORMATION, including, without limitation, all copies, excerpts, summaries, notes, digests, abstracts and indices related thereto, which have come into my possession, custody or control and all documents and things, or copies thereof, which I have prepared relating thereto.

I realize that any violation of said Stipulated Protective Order may subject me to sanctions by the Court, including punishment for civil contempt.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of ______________________, 2001.

______________________________________

Subscribed and sworn to before me
this ____ day of _____________ 2001.

________________________________
Notary Public

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

FORMS\PROTECOR.NOT
Rev. 8/10/01